**Joel C. VAUGHEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0811–CR–1032.**

Court of Appeals of Indiana.

June 3, 2009.

Transfer Denied July 16, 2009.

---

Harold E. Amstutz, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Joel C. Vaughen appeals his twelve-year sentence for Conspiracy to Deal in Cocaine, as a Class B felony,[1] claiming that his sentence is inappropriate. We affirm.

### Facts and Procedural History[2]

On October 1, 2007, the State charged Vaughen with Conspiracy to Deal in Co-

---

1. Ind.Code §§ 35–48–4–1 and 35–41–5–2.

2. The Appellant's original appendix included a presentence report reproduced on white paper and containing the complete Social Security Number of a living person. Pursuant to Indiana Administrative Rule 9(G), Indiana Trial Rule 5(G), and Indiana Appellate Rule 9(J), the appellant was ordered to provide a revised appendix correcting these errors. We remind the parties that Ind. Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)." Ind. Administrative Rule 9(G)(1)(b)(viii) requires that "[a]ll presentence reports pursuant to Ind. Code § 35–38–1–13" are "excluded from public access" and "confidential." The inclusion of the report on white paper in the appellant's appendix is contrary to Trial Rule 5(G) that states in pertinent part: "Every document filed in a case shall separately identify information excluded from public access pursuant to Admin. R. 9(G)(1) as follows: (1) Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked 'Not for Public Access' or 'Confidential.' "

While Ind. Administrative Rule 9(G)(l)(b)(viii) requires the complete exclusion of pre-sentence reports from public access filings, we also note there are instances when simple redaction of confidential information is sufficient. In civil cases, where the appellant's appendix is to include only those documents from the Clerk's Record that are relevant and necessary to the issues raised on appeal, App. R. 50(A)(2)(f), and in criminal cases, where the entire Clerk's Record is to be included in

caine, as a Class A felony, Dealing in Cocaine, as a Class A felony, and Possession of Cocaine, as a Class C felony.[3] A jury trial was conducted in May of 2008, which resulted in a hung jury on all counts. On August 6, 2008, Vaughen entered into a plea agreement with the State whereby he would plead guilty to Conspiracy to Deal in Cocaine, as a Class B felony, in exchange for the State dismissing the remaining counts. The trial court accepted the plea agreement, entered judgment of conviction, and sentenced Vaughen to twelve years imprisonment.

### Discussion and Decision

In *Reid v. State*, our Supreme Court reviewed the standard by which appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

*Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

■ More recently, the Court reiterated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind.2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. *See id.* at 1224. One purpose of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

■ Vaughen pled guilty to a Class B felony, which has a sentencing range of six to twenty years, with ten years as the advisory. *See* Ind.Code § 35–50–2–5. The trial court sentenced Vaughen to twelve years.

As to the nature of the offense, Vaughen made an agreement with Jennifer Burton, Chris Ferney and others to sell an amount of cocaine in great excess of three grams in Tippecanoe County. Vaughen obtained the cocaine from an unknown source and gave it to Corinna Garcia. Vaughen then asked Burton to obtain the cocaine from Garcia and keep it until he requested her to transfer it to Ferney. Burton made the transfer at Vaughen's direction. At some

---

the appendix, App. R. 50(B)(1)(a), the rules provide that when only a portion of a document contains information that must be excluded from public access, such information may be redacted from the document, App. R. 9(J); T.R. 5(G)(2). If, for instance, a relevant document in a dissolution case includes a bank account number that is to be excluded from public access, the bank account number or address, neither of which is relevant to the

disposition of the appeal, could be redacted without a wholesale inclusion of those documents in a green appendix. If the information cannot be redacted or if the information is relevant to the issues raised on appeal, then the entire document can and should be included in a green appendix.

3.  Ind.Code § 35–48–4–6.

later point in time, Vaughen asked Burton to retrieve the cocaine from Ferney and deliver it to him so that it could be sold. Clearly, Vaughen was the ringleader in the operation, using couriers to lessen the time in which the illicit drugs were in his possession.

As to the character of the offender, Vaughen has never been employed and has four children by three different women. He was on probation at the time of the current offense because of a conviction for Possession of Marijuana. While Vaughen pled guilty, he received the benefit of a reduced charge and the dismissal of the remaining charges along with the promise that the State would not file a petition to revoke his probation for his prior conviction. Vaughen also raises his psychiatric disorders of depression, attention deficit hyperactivity disorder and bipolar as reasons for a lesser sentence. However, he fails to explain how his conditions affect his actions in general or in relation to the commission of this crime.

In light of the nature of the offense and the character of the offender, Vaughen has not convinced this Court that his sentence is inappropriate.

Affirmed.

DARDEN, J., and ROBB, J., concur.